SAMUEL WALKER v. PATRICK HAGGERTY.

[FILED JULY 2, 1890.]

1. **Promissory Note:** CONSIDERATION: PAROL EVIDENCE REGARDING. While parol testimony may not be received to contradict or vary the terms of a promissory note, yet the consideration for which it was given may be established by parol testimony.

2. **Instructions:** OBJECTIONS to the giving of instructions will not be considered by the supreme court unless assigned in the motion for a new trial.

3. ———. It is error to give an instruction not warranted by the pleadings and evidence.

4. ———: FALSE TESTIMONY. The jury was instructed "that if any witness has willfully testified falsely as to any material fact in the case, you are at liberty to disregard the entire testimony

of such witness unless his testimony be corroborated by other evidence." *Held,* Correct as an abstract proposition of law, and that it was justified by the evidence.

ERROR to the district court for Cuming county. Tried below before NORRIS, J.

*Thos. O'Day,* and *Lancaster, Hall & Pike,* for plaintiff in error, cited, as to the admission of testimony regarding the consideration: *Ervin v. Saunders,* 1 Cow. [N. Y.], 249 [13 Am. Dec., 520]; *Thompson v. Ketcham,* 8 Johns. [N. Y.], 190 [5 Am. Dec., 330]; *Stackpole v. Arnold,* 11 Mass., 27 [6 Am. Dec., 150]; *Harrison v. Morrison,* 40 N. W. Rep. [Minn.], 66; *Curtice v. Hokanson,* 38 N. W. Rep. [Minn.], 694; *Miller v. Edgerton,* 15 Pac. Rep. [Kan.], 894; *Parker v. Morrill,* 3 S. E. Rep. [N. C.], 511; *Dolsen v. DeGanahl,* 8 S. W. Rep. [Tex.], 321; *Armstrong v. Scott,* 36 Fed. Rep., 63; *Gallery v. Bank* 2 N. W. Rep. [Mich.], 193; 2 Parsons, Notes and Bills, p. 501; *Gridley v. Dole,* 4 Comst. [N. Y.], 486; *Hunt v. Adams,* 7 Mass., 518; *Pitt v. Ins. Co.,* 100 Mass., 500; *Jones v. Jeffries,* 17 Mo., 577; *Hoare v. Graham,* 3 Camp. [Eng.], 57; *Anspach v. Bast,* 52 Pa. St., 356; *Harris v. Galbraith,* 43 Ill., 309; Benjamin, Sales, [4th Ed.], sec. 452; *Campbell v. Flemming,* 1 Ad. & E. [Eng.], 40; Parsons, Contracts, [7th Ed.] p. 208; *Shields v. Pettee,* 2 Sandf. [N. Y]., 262; 3 Randolph, Com. Paper, sec. 1899; *St. Louis Ins. Co. v. Homer,* 9 Metc. [Mass.], 39; *Eaves v. Henderson,* 17 Wend. [N. Y.], 190; *Clark v. Hatt,* 49 Ala., 86; *Featherston v. Wilson,* 4 Ark., 154; 2 Phil., Evid., 673, n. 495.

*Hall & McCulloch, contra.*

NORVAL, J.

This suit is upon a promissory note for $5,800 with ten per cent interest, bearing date May 15, 1883, given by the defendant to A. N. Schuster & Co., and by them indorsed

after maturity to the plaintiff. The defendant has made the following payments upon the note:

June 23, 1883, $500; July 12, 1883, $800; September 1, 1883, $500; October 16, 1883, $500; May 31, 1884, $400; June 21, 1884, $25; making a total of $2,725.

The answer admits the execution of the note, the making of the above payments, and pleads that the note was given to close up an unsettled account between the defendant and A. N. Schuster & Co.; that at the time the note was given, the payees promised to forward to the defendant goods to the full amount of the difference in the account, amounting to the sum of $3,075, which the payees have wholly failed and refused to do, and that said note was given for no other or greater consideration than the sum of $2,725, which sum has been fully paid to the said A. N. Schuster & Co. The answer alleges that the plaintiff received the note after maturity. The reply was a general denial.

A jury was impaneled to try the cause, who, after hearing the evidence, the argument of counsel, and instructions of the court, returned a verdict for the defendant, whereupon the plaintiff presented a motion for a new trial, which was overruled, and a judgment was rendered for the defendant. The plaintiff brings the case here for review, assigning the following errors:

1. The court erred in allowing any evidence on the part of the defendant to be introduced at the trial of this cause, because the answer fails to state facts sufficient to constitute a defense.

2. The court erred in allowing the defendant over the objection of the plaintiff, to introduce parol evidence to contradict or change the terms of the note.

3. The court erred in giving paragraph sixth of the instructions given by the court on its own motion.

4. The court erred in giving paragraphs 3, 4, 5, and 6 of the instructions asked by the defendant.

5. The verdict is not sustained by sufficient evidence.

6. The court erred in overruling the motion of plaintiff for a new trial.

Prior to the examination of the witnesses for the defense, the plaintiff objected to the introduction of any testimony on the part of the defendant for the alleged reason that the answer fails to state a defense. While the answer does not contain a full statement of the facts, yet sufficient facts are pleaded to constitute a defense against the note. The answer charges that the only consideration the defendant ever received for the note was the sum of $2,725, and which amount it alleges has since been fully paid. For the balance of the amount expressed on the face of the note, to·wit, $3,075, it is averred that A. N. Schuster & Co. agreed to send to the defendant goods for that amount and that they had failed and neglected to do so. If the allegations of the answer are true, it is clear that there is not due the plaintiff the amount claimed in his petition.

The testimony of the defendant tends to show that he was engaged in the mercantile business and had from time to time purchased on credit from the payees of the note goods to the amount of several thousand dollars. This note was given in settlement of the account. The defendant further testifies that when the note was executed, he claimed a credit on the account for $2,900 or $3,000 for goods that had been sent contrary to orders and that were unsalable, and that the agent of A. N. Schuster & Co. at the time agreed to credit the note for the amount claimed. The plaintiff objected to the receiving of this testimony on the ground that it contradicted the terms of the note. The testimony was not offered for that purpose, nor did it have that effect. The object of this testimony was to show the real consideration for the note sued upon. If the defendant was entitled to a credit upon the account for the amount claimed by him, then he was not indebted to the plaintiff in the sum of $5,800, and the note did not truly express the

amount of the defendant's indebtedness to the payees. While parol testimony cannot be received to contradict the terms of the note, it was clearly admissible to show the true consideration for which it was given.

Charles M. Edwards testifies that he was the person who took the note from the defendant; that at that time there was a balance of $5,879.75 due from defendant to A. N. Schuster & Co. on an account for goods sold and delivered; that the defendant made no claim at the time the note was given for any damages, or that the goods had not been received, but on the contrary admitted the goods had been received in good condition; that the only thing that he mentioned was that some frock suits sent to the Rose Bud Agency could not be sold to the Indians. The witness further states that he and the defendant checked the account over with the defendant's books, and found that there was due from him the sum of $5,879.57; that the defendant paid in cash $69.30, and that the witness made him a credit of $10.27 in full for all claims made by him, and, to close up the balance of the account, the defendant gave the note in suit.

The bill of exceptions contains other testimony which tends to corroborate the witness Edwards.

As we view the case, it will not be necessary for us to determine which side has the preponderance of the evidence, for it is apparent that the testimony produced on behalf of the defendant fails to support the verdict returned by the jury. If, as the defendant claims, he was entitled to a credit for $3,000, then at the date of the giving of the note he was indebted to A. N. Schuster & Co. in the sum of $2,800. At various times during the thirteen months following the execution of the note the defendant paid thereon sums aggregating $2,725. Thus, according to the defendant's own testimony, there was due the plaintiff at least $75 and interest. Yet the jury found for the defendant.

True, something is said in brief of counsel for the de-

fendant about too much interest being charged on the account and included in the note. The statement of the account in evidence shows $491.25 was allowed as interest. No complaint is made in the answer in regard to the item of interest, nor does the defendant in his testimony claim that the proper amount of interest was not charged. The larger part of the account had been due nearly a year before the giving of the note and the payees were entitled to re·ceive interest thereon.

The third assignment in the petition in error is based upon the sixth paragraph of the instruction given by the court on its own motion, which reads:

"You are instructed that if at the time the note in suit was given Charles M. Edwards, the agent of A. N. Schuster & Co., the payees of said note agreed with defendant that said A. N. Schuster & Co. would make to defendant the allowance as claimed by defendant, on account of unsalable goods, and goods not ordered by defendant, charged against defendant by said A. N. Schuster & Co. in the account for which said note was given and thereby obtained said note from defendant, such agreement is valid and binding against said A. N. Schuster & Co., and defendant is entitled to set-off any amount the evidence may show to be due from A. N. Schuster & Co. to defendant on account thereof against the amount due upon the note sued on in this action."

While the defendant took an exception to this instruction when given, yet having made no complaint in his motion for a new trial of the giving of the instruction, we cannot now consider it here. Errors in giving or refusing of instructions must be pointed out in the motion for a new trial. (*Schreckengast v. Ealy*, 16 Neb., 514; *Nyce v. Shaffer*, 20 Id., 509; *Sherwin v. O'Connor*, 24 Id., 605.)

The court, at the request of defendant, told the jury:

"That a principal cannot accept such parts of an agent's contract as are beneficial to him and disclaim such as are

to his disadvantage, but must accept or reject all.    And if he retains the benefits of the agent's bargain he must complete the contract on his part."

This request contains a fair statement of the law upon that subject and was based upon the testimony in the case. The rule undoubtedly is that a principal cannot accept a part of the acts of his agent and reject the balance. Edwards settled with the defendant and took his note and turned it over to the payees therein named, A. N. Schuster & Co., who accepted and retained it.   The payees therefore were bound by the agreement of Edwards made when the note was taken.

By the fourth request given on behalf of the defendant the jury were instructed :

"That if A. N. Schuster & Co.'s agent procured the note on Patrick Hagerty for $5,800 upon an agreement to allow a credit for unsalable goods, and not ordered, or to send new goods of equal value, that they cannot retain the note and refuse to carry out the agreement upon which it was obtained."

There is not a scintilla of testimony in the record tending to show that the note was procured upon any agreement that the payees should send to the defendant new goods in the place of unsalable goods or goods not ordered.   While that issue was presented by the answer, there was no proof to sustain it.   The instruction was therefore misleading and assumed a fact not proven.

Exception is taken to the fifth instruction given on the defendant's motion, which informed the jury "that if any witness has willfully testified falsely as to any material fact in the case, you are at liberty to disregard the entire testimony of such witness unless his testimony be corroborated by other evidence."   It is not claimed that this is not a correct statement of the maxim *falsus in uno, falsus in omnibus*, but it is urged that there was no evidence before the jury to which it could apply.   It is conceded that

the maxim cannot be applied to immaterial testimony. The witness Edwards and the defendant Haggerty contradict each other in almost every particular, as to the conversation that occurred between them when the note was given. The plaintiff insists that this testimony was immaterial. As stated elsewhere in this opinion, the testimony relating to the agreement of the parties at the time of the execution of the note was material, and therefore the above instruction was applicable. It would have been error to have refused it for another reason. Plaintiff's witness Edwards testifies that the defendant made a claim for offsets in the sum of $10.27 for some unsalable frock coats and that he gave the defendant credit for that amount on the account. The plaintiff read the deposition of one Johnson, the bookkeeper of A. N. Schuster & Co., who stated that the account attached to his deposition was a true account between the defendant and A. N. Schuster & Co. While the account balances, it contains no credit for $10.27. This evidence before the jury made the instruction proper.

At the request of the defendant, the jury were instructed "that the legal rate of interest on the accounts, as shown in the evidence and under the proof, is seven per cent, and the plaintiffs, A. N. Schuster & Co., could not charge defendant more than that upon their account up to the time the note was given." The question of interest upon the account was not put in issue by the pleadings, and the court erred in submitting it to the jury.

The larger part of plaintiff's brief is devoted to the rulings of the district court upon the admission of testimony, but as not a single error in that respect is assigned in the petition in error, we are precluded from considering the same.

It follows from what has been said that the judgment of the district court must be reversed and the cause will be remanded for a new trial.

REVERSED AND REMANDED.

THE other judges concur.