JAMES MCADAMS v. CITY OF MCCOOK.

FILED MAY 5, 1904. No. 13,502.

1. Cities: ABANDONING SEWERS: LIABILITY. When a city makes provision by sewers or drains for carrying off the surface water, it may not discontinue or abandon the same, when it leaves the lot

owner in a worse condition than he would have been if the city had not constructed such drains.

2. **Instructions: Review.** It is a well established rule of this court that an instruction, not warranted by the pleadings or evidence, will require a reversal of the judgment if it have a tendency to mislead the jury. *Esterly & Son v. Van Slyke,* 21 Neb. 611, followed and approved.

3. ———. Instructions examined, and found prejudicial.

Error to the district court for Red Willow county: Robert C. Orr, Judge. *Reversed.*

*W. S. Morlan,* for plaintiff in error.

*W. R. Starr* and *Fayette I. Foss, contra.*

Oldham, C.

This is an action for damages for injuries sustained by the flooding of the basement of plaintiff's storeroom in the city of McCook. The material facts underlying the controversy are, that the city of McCook is situated in a basin, with the elevation rising from the southeast to the northwest of the corporate limits of the city, and is surrounded on the north and west by a line of bluffs, so that the natural flow of the surface water in the city, if unimpeded, would be from the northwest to the southeast. Main street is the principal business street of the city, and runs north and south. Manchester avenue is the street immediately west and parallel with Main street. Dennison street is a street running east and west and crossing both Main and Manchester at right angles. Railroad street runs parallel to and south of Dennison. Dodge and Douglas streets are each north and parallel with Dennison street. Plaintiff in the court below, who is also plaintiff in error in this court, conducted a general merchandise store in a building situated on the northeast corner of Main and Dennison streets. The building has 25 feet frontage on Main, and 80 feet frontage on Dennison street. On the 17th day of June, 1901, the city of Mc-

Cook was visited by a very severe rainstorm, in which 2 and 6-10 inches of water fell in a period of 35 minutes; the rain was accompanied by hail and a high wind. As a result of this storm, the basement of plaintiff's store was filled with water and the goods situated therein were damaged to the extent of about $534. The fact and the extent of the damage are undisputed. In the petition filed by plaintiff it is alleged, in substance, that several years prior to the injury the city of McCook had constructed a system of drains, ditches and culverts for the purpose of conducting the surface water through the city, across Railroad street and into the natural basin south of the city. That in the construction of this system of drainage, it had, by means of its ditches and culverts, diverted the flow of the surface water north of plaintiff's building, westward along Douglas street from Main street to Manchester avenue, and had conducted the water from thence south, by means of a system of ditches and culverts, down to and across Railroad street; that for 3 or 4 years before the injury, the city had carelessly and negligently permitted the embankment on the east side of Manchester and between Dennison and Dodge streets to be worn down and reduced to a level, by permitting teams and vehicles to drive over and across the embankments of the drain; that when the heavy rainfall occurred on the 17th day of June, the system of drainage established by the city diverted and conducted the surface water north and west of plaintiff's building over to Manchester avenue, and carried it down in heavy torrents to the place just north of Dennison street where the embankment had been leveled down, and precipitated it from this place in a southeasterly direction over and against the north side of plaintiff's building, thereby occasioning the injury complained of. There was no allegation in the petition that there was any carelessness or negligence in the original construction of the drainage system. It appeared from the testimony that the level of Manchester street was two feet above the level of Main street.

The city, in answer to plaintiff's petition, denied negligence in permitting the drains and culverts to be and remain in an unsafe condition, and alleged that plaintiff's injury was occasioned by the "act of God," and that the storm on the 17th of June was of such an unusual and unprecedented character, that ordinary prudence on the part of the city in keeping its drains and culverts in proper condition would not have protected against the injury. On the issues thus joined there was trial to a jury, judgment for the defendant, and plaintiff brings error to this court.

The only complaint urged by plaintiff which it will be necessary to examine, in view of the conclusion soon to be reached, is as to the action of the trial court in giving misleading, confusing and contradictory instructions in his charge to the jury. However, before going in detail into a discussion of the objections, it is perhaps well to suggest, as the matter is in controversy, that plaintiff's petition does state a good cause of action, and that there is competent testimony in the record sufficient to sustain a judgment for the plaintiff, had he prevailed in the court below. While the petition, as before set out, does not charge any negligence on the part of the city in the original construction of the drainage system, yet it does charge with great precision, that the city negligently permitted the drains and ditches, particularly on the east side of Manchester avenue and north of Dennison street, to be leveled down by passage over the ditches, and to remain in such condition for a long period of time prior to the injury complained of. While it is rightly urged on the part of the city that it was under no obligations to construct a system of drainage for protection from the surface water, yet it does not follow, because in the first instance the city was not bound to construct this system of drainage, that this absolved it from liability for injury occasioned to private property by its failure to keep the ditches in proper condition after they had been erected. When a city makes provision by sewers or drains for

carrying off the surface water, it may not discontinue or abandon the same when it leaves the lot owner in a worse condition than he would have been if the city had never constructed such drains. *City of Atchison v. Challiss,* 9 Kan. 603.

It is also urged by the city, that the injury complained of by the plaintiff was occasioned by surface water, which is a common enemy, and that for injuries arising from this source no one is liable. This contention, however, so far as it applies to cases of this character, is qualified by the principle that the city, like a private individual, must so use its own as not to injure another. *City of Kearney v. Themanson,* 48 Neb. 74.

While it is practically conceded on the part of the city that some of the instructions given by the trial court had, as they say in their brief, "better have been left out," yet it is contended that, under the evidence, no other verdict could have been reached, because the testimony clearly shows that the injury was occasioned by such an unusual rainfall, accompanied by hail and wind, as to constitute an "act of God." While there is testimony on the part of the city tending to support this contention, there is also evidence, as before suggested in this opinion, on the part of the plaintiff, which tends to show that his injury was caused by a precipitation of surface water, diverted by the ditch from its natural course, and discharged against his property, over the low bank on the east side of the drain on Manchester avenue, a few feet north of Dennison street. Consequently there was this issue of fact involved in the controversy, which should have been submitted to the jury under proper instructions. And we think that the learned trial judge might, and probably would, have clearly and concisely directed the jury on this question, had he not given so many instructions. 5 instructions were given at plaintiff's request, 12 at defendant's request, and 11 on the court's own motion; and among the different ones so given there is a babel of confusion.

It is a well established rule of this court, that an instruction, not warranted by the pleadings or evidence, will require a reversal of the judgment if it have a tendency to mislead the jury. *Esterly & Son v. Van Slyke,* 21 Neb. 611.

In the 19th instruction, requested by defendant and given by the court, it was said: "The jury are instructed that, for a mere error in judgment in the adoption of a plan or system of sewerage or drainage, a city can not be held responsible." Without determining whether this instruction correctly states an abstract proposition of law, it is certainly foreign to any issue involved in this controversy, for, as already set out, plaintiff did not contend that there was any negligence or carelessness in the construction of the system of drainage. The vice of this instruction is, that it might have led the jury to conclude that, unless plaintiff alleged and proved negligence in the construction of the drainage system, the city was not liable.

The 12th instruction given by the court at the request of defendant was as follows: "The jury are instructed that, unless you believe from the evidence in this case that the defendant city had been careless and negligent in the grading and establishment of the grade for the sewers and drains as alleged in plaintiff's petition, then the jury should find for the defendant, and the burden is upon the plaintiff to prove, by a preponderance of the evidence, that the defendant city was careless and negligent as alleged in plaintiff's petition." This instruction was plainly misleading, and might, and probably would, cause the jury to go no further in their investigation than to determine whether or not the city had been negligent in grading and ditching its streets, and then, having found this fact, as they were bound to do, in the defendant's favor, render a verdict accordingly. There are other instructions equally as objectionable which it will not be necessary to consider, since, for errors already pointed out, we recommend that the judgment of the district court

be reversed and the cause remanded for further proceedings.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded.

REVERSED.