MARGARET L. SABIN, APPELLEE, v. JOSEPH J. CAMERON, APPELLANT.

FILED JUNE 26, 1908. No. 15,250.

1. **Mechanics' Liens:** RECORD AS EVIDENCE. The record of a mechanic's lien is not competent evidence either of the time when the material and labor therein mentioned were furnished, or that such labor and material were furnished and used upon the building therein described.

2. **Trial:** INSTRUCTIONS. It is reversible error to instruct the jury upon a question not raised by the pleadings nor applicable to the evidence, when such instructions have a tendency to mislead the jury or have a prejudicial effect upon the party complaining.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Reversed.*

*Wilson & Brown,* for appellant.

*Billingsley & Greene, contra.*

GOOD, C.

Margaret L. Sabin, the plaintiff, brought this action in the district court against Joseph J. Cameron, the defendant, to recover the sum of $224.90. For her cause of action she alleged that in October, 1904, she entered into a contract, chiefly in writing, with the defendant, whereby he was to furnish all the material, and build and con-

struct certain improvements and to make certain' repairs to the two-story frame residence of the plaintiff, situated on the east half of lot 8 and the west 45 feet of lot 9, in block 127, in the city of Lincoln, for the consideration of $1,080; that the defendant immediately entered upon the performance of his contract, furnished the material and performed the work, and that from time to time she had made payments to him until she had paid the entire consideration agreed upon; that defendant, in the performance of the work and furnishing the material called for by the contract, purchased certain material and obtained certain labor and contracted to pay for the same in the sum of $224.90, the reasonable value of said labor and material, but failed to pay for the same, and concealed from the plaintiff the fact that he had not paid for said material and labor, which consisted of plumbing material and work; and that, by reason of the failure to pay for said material and labor, he had wrongfully permitted a mechanic's lien to be filed by a subcontractor, who had furnished such material and labor, in the sum of $224.90. She further averred that, when she discovered the existence of the lien, the defendant promised that, if she would pay off the lien, he would pay her therefor, and averred that said Cameron had not paid the said lien, and that she had been compelled to pay the said lien to her damage in the amount thereof. To this petition the defendant filed an answer and cross-petition, in which he admitted the making of the contract, and that he had entered upon the work and performed his part of the contract, and denied all the other allegations of the petition; alleged that the contract was in writing, and set out a copy thereof, and averred that after the signing and delivery of the contract, and while he was performing the work thereunder, and at the special instance and request of the plaintiff, he furnished labor and material for improvements and changes upon the residence property of the plaintiff other and different from those specified in the written contract, and set out a list of the extras

furnished, and alleged their value to be $353.34, and prayed for judgment for that amount. Plaintiff replied, first, with a general denial, and further specifically denied that defendant furnished any labor or material not contemplated by and included in the contract between the parties, and alleged that the instrument set out- in the answer was but a partial memorandum of the contract. The trial was had upon the issues thus joined, which resulted in a verdict and judgment for the plaintiff in the sum of $21.56. The defendant has appealed.

We will first consider the errors alleged that relate to the claim of the plaintiff. It developed during the trial that plaintiff had not paid the entire amount of the alleged lien, but had paid only $20 thereon previous to the commencement of the action. The court, by instructions, limited the amount that plaintiff was entitled to recover to this sum, with interest. The defendant complains because the verdict and judgment are not supported by sufficient evidence. There is no evidence in the record to show that defendant ever promised plaintiff that he would reimburse her if she would pay the alleged lien, and there is no evidence as to when any of the material or labor, for which the lien was claimed, was furnished or performed, save that furnished by the record of the alleged mechanic's lien. This court has held that the verified account of the items, with proof of the amount of the claim, is not sufficient to support a decree of foreclosure upon a mechanic's lien. *Urlau v. Ruhe,* 63 Neb. 883. This court has also held that the verified account of a mechanic's lien proves nothing except the filing thereof and the making of the oath thereto. *Wakefield v. Latey,* 39 Neb. 285. It is evident that the record of the lien could prove no more than the verified account itself. There was, therefore, no competent evidence to show that the material was furnished within the time, or that it went into the premises described, so as to entitle the claimant to a lien. There is no evidence from which it can be said that a valid lien existed against the

plaintiff's property. She did not pay out any sum in response to any request of the defendant, nor, so far as the record discloses, was there any necessity for her to pay out any sum to protect her property, and the judgment in favor of the plaintiff is not sustained by any competent evidence. The proof is insufficient also in that there is no evidence in the record to show that the house on which the improvements and repairs were made was located upon the lots described in the petition.

The defendant complains of several instructions given by the court, which, in effect, submitted to the jury the question as to whether or not the extras were furnished gratuitously. It appears clear from an examination of the pleadings that the question of whether or not the extras were furnished gratuitously was not an issue. Plaintiff, by her reply, denied that any extras were furnished, or that any material or labor was furnished, other than those contemplated by the contract. An inspection of the contract discloses that most of the extras furnished, for which claim was made by the defendant, were not mentioned or referred to in the contract. The evidence also disclosed that the improvements made outside of the contract were substantial and of considerable value, and there is no competent evidence in the record from which it could be inferred that there was any intention to furnish the same gratuitously, except that it was claimed by the plaintiff that defendant had not, previous to the bringing of the action, made any demand against her for or on account of the extras. This, however, is denied by the defendant. We do not think the fact alone, even if it be true, as contended by the plaintiff, that he made no previous demand, would be sufficient to justify a finding that the alleged extras were furnished gratuitously. Besides, the question of whether or not they were furnished gratuitously was not made an issue by the pleadings. It is evident that the trial court, by these instructions, submitted to the jury for its determination an issue not warranted by the pleadings or the evidence. The rule is

well established in this court that it is prejudicial error to submit to the jury an issue not raised by the pleadings or evidence. *Esterly & Son v. Van Slyke,* 21 Neb. 611; *Walker v. Haggerty,* 30 Neb. 120; *Farmers & Merchants Bank v. Upham,* 37 Neb. 417; *Roberts v. Drehmer,* 41 Neb. 306; *McCready v. Phillips,* 44 Neb. 790; *Kansas City & O. R. Co. v. Rogers,* 48 Neb. 653; *Swift & Co. v. Holoubek,* 60 Neb. 784. As the jury disallowed the defendant's entire claim, it is apparent that these instructions were prejudicial to him.

It follows that the judgment of the district court should be reversed and the cause remanded for further proceedings.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.