LEWIS W. SHEPARD, APPELLEE V. HENRY D. HAMAKER, APPELLANT.

FILED NOVEMBER 18, 1925.   No. 23321.

1. Trial: INSTRUCTIONS. It is error to submit to the jury an issue not presented by the pleadings or evidence, and, when, prejudicial to the complaining party, it is ground for reversal of the judgment.

2. Evidence examined, and *held* sufficient to support the judgment as modified by the court.

APPEAL from the district court for Douglas county: JAMES M. FITZGERALD, JUDGE. *Affirmed on condition.*

*Herman Aye,* for appellant.

*McKenzie, Lower & Sheehan, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

DAY, J.

Lewis W. Shepard, plaintiff, brought this action against Henry D. Hamaker, defendant, to recover damages on account of an alleged fraud perpetrated by the defendant upon the plaintiff in an exchange of real estate between the respective parties. The trial resulted in a verdict and judgment in favor of the plaintiff for $9,960. Defendant appeals.

There is a direct conflict upon every material question of fact in the evidence, but the jury having accepted the plaintiff's version of the case the facts will be stated accordingly.

Plaintiff was a farmer living in Iowa and the owner of two tracts of land located in the counties of Mills and Fremont in the state of Iowa. Each of the farms were encumbered for a considerable amount.

Defendant was a real estate agent residing in Omaha and the owner of a section of land in Cherry county, Nebraska, the record title to which stood in the name of William R. Young. The record also showed a mortgage on the land executed by Young in favor of the defendant for something over $8,000, the purpose being to enable the defendant to more readily effect a trade of the land. Defendant, pretending to act as agent of Young, entered into negotiations with the plaintiff with the view of effecting an exchange of the respective properties. The plaintiff had never examined the Cherry county land with the view of purchase or exchange, although he had driven through the tract in looking at other lands in the vicinity. As an inducement to the plaintiff to make the exchange, the defendant represented that the Cherry county land was rented for $620 a year, payable about September 1, 1921, which

would be paid to the plaintiff in case the trade was effected; that the land had been sold to William R. Young for $25 an acre; that the land was reasonably worth the sum, and as agent for Young he had an offer of $25 an acre, and that the offer was still open; that the land consisted of 200 acres of good bottom land; that 40 acres had been cultivated for a number of years; that there was growing on the land 25 acres of corn, 5 acres of cane, and 10 acres of potatoes; that the land during the year 1920 had produced a corn crop yielding an average of 40 bushels to the acre; that there were 200 acres of good hay land, which for a number of years had yielded at least one ton an acre; that there were no blowouts on any part of the section; that there was a stream of running water through the pasture; and that the improvements were as good as any in the vicinity of Wood Lake. The defendant further represented that he intended purchasing a large amount of hay in the vicinity of Wood Lake during the winter months of 1921 and 1922; that he would pay the plaintiff 50 cents a ton for purchasing hay for the defendant, and that the plaintiff would be paid as commission at least $1,500.

The plaintiff's testimony tends to show that all of the representations above enumerated were untrue; that the land was worth not to exceed $5 an acre; that the tenant paid no rent whatever; that the reasonable rent of the land would be 15 cents an acre; that the amount of hay and corn produced on the land was extremely overrated; and that the greater portion of the land was sand. The plaintiff testified that in making the exchange he relied upon the representations made by the defendant and believed them to be true.

Without reviewing the testimony further, we think that the record clearly presented a question for the jury's determination.

Defendant complains of the giving of instruction No. 4. That instruction told the jury in substance that fraud is never presumed, but must be proved; that the law presumes that every person transacts business honestly and

Shepard v. Hamaker.

in good faith; that the burden of proving fraud is on the person who charges it, and that fraud may be proved by circumstantial evidence as well as positive proof.

The court then used this language: "When fraud is charged express proof is not required." The criticism of this instruction is particularly directed against the clause just above quoted. The argument is made that the quoted clause is contradictory to the proposition just before announced and in effect told the jury that when fraud is charged no proof is required.

While the language used in this clause of the instruction is not as clear as it might have been, yet, taking the instruction as a whole, the principle of law announced does not seem to us to be misleading. The main thought embodied in the instruction is that the burden of proof is upon the party who charges fraud, and that fraud may be established by direct proof or by circumstantial evidence. In the light of the record, we are of the view that the instruction was not prejudicial to defendant's rights.

It is urged by the defendant that the court erred in giving instruction No. 5. In this instruction the court stated:

"You are further instructed that the defendant is not liable in this action for failure to employ the plaintiff to buy hay, or to work for the defendant in any other capacity, unless you find that such representations were fraudulently made and that defendant did not intend to live up to the same; but you are further instructed that, if you find that the plaintiff and defendant did enter into such agreement, and that the defendant refused to carry out such agreement, then and in that event plaintiff would be entitled to recover the sum of $1,500, less any other sum or sums which the plaintiff may have received had he diligently and earnestly endeavored to seek employment elsewhere during such period."

Under the record we think this instruction was erroneous. The action was purely for damages based upon fraud in inducing the plaintiff to make the exchange of lands. The measure of plaintiff's damages was the difference between

the value of the land plaintiff received and the value it would have been if it had been as represented. The matter of the promise of the defendant to employ the plaintiff to purchase hay for the defendant was pleaded as one of the fraudulent representations to induce the exchange of lands, and was not pleaded as an independent cause of action for a breach of contract. The instruction quoted is based upon the idea of a breach of contract for failure on the part of the defendant to employ the plaintiff.

The instruction was not responsive to any issue in the case pleaded or to the evidence and should not have been given. The rule is well established that it is error to give an instruction upon an issue not raised by the pleadings or evidence, and when prejudicial to the complaining party is ground for reversal of the judgment. *Esterly & Son v. Van Slyke,* 21 Neb. 611; *Walker v. Haggerty,* 30 Neb. 120; *Swift & Co. v. Holoubek,* 60 Neb. 784; *McAdams v. City of McCook,* 71 Neb. 789; *Sabin v. Cameron,* 82 Neb. 106.

There is no way of determining whether the jury allowed any damages based upon the issue presented by the instruction. They may have done so. They could not, however, have awarded more than $1,500 and follow the instruction.

Other errors are assigned mostly relating to the action of the court on the admission of evidence. It seems unnecessary to discuss these assignments of error in detail. We have examined them, however, and find they have no merit.

Upon the whole record we are of the view that the cause should not be remanded for a retrial because of the error in giving instruction No. 5. We think that the error can be corrected by a remittitur. If the plaintiff within 30 days files a remittitur of $1,500 as of the date of judgment in the district court, the judgment will be affirmed, otherwise it will be reversed and remanded.

AFFIRMED ON CONDITION.