HAZEL M. ANDERSON, ADMINISTRATRIX OF THE ESTATE OF WILLIAM M. ANDERSON, DECEASED, APPELLANT, v. ROY NINCEHELSER, APPELLEE.

44 N. W. 2d 518

Filed November 10, 1950. No. 32790.

Lloyd E. Peterson and Betty Peterson Sharp, for appellant.

Armstrong & McKnight, and Dwight Griffiths, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

At the conclusion of the plaintiff's evidence the trial court sustained a motion of the defendant to dismiss the plaintiff's cause of action on the ground that the evidence was insufficient to make a case for the jury.

We reversed the judgment and remanded the cause for new trial, holding that the plaintiff presented a prima facie case sufficient to go to the jury.

In the original opinion reported in 152 Neb. 857, 43 N. W. 2d 182, quoting from Engel v. Chicago, B. & Q. R. R. Co., 111 Neb. 21, 195 N. W. 523, we stated the law to be: " 'Where there is no eyewitness, no direct evidence of the accident causing the injury, the facts and circumstances may be proved by circumstantial evidence, and the presumption is raised by the instinct of self-preservation on behalf of the deceased that he was not guilty of contributory negligence, but was in the exercise of due care and caution for his own safety, unless the contrary is shown.' "

So that there may be no misunderstanding on a retrial of this case, this presumption of law prevails until such time as evidence is introduced that rebuts the presumption. In other words, where there is no witness to an accident causing death, the presumption is, in the absence of evidence to the contrary, that decedent exercised due care; but this presumption is rebutted when the circumstances proved show that decedent was negligent. See Kerwin v. Thompson, Belden & Co., 110 Neb. 251, 192 N. W. 692.

The presumption of due care arising out of the natural instinct of self-preservation is not evidence, but a mere rule of law, and obtains only in the absence of direct or circumstantial evidence justifying reasonable inferences one way or another upon that subject; when such evidence is produced the presumption disappears and is not entitled to be considered. See Eggeling v. Chicago, R. I. & P. Ry. Co., 119 Neb. 229, 228 N. W. 361.

As we have stated in the opinion, there was no competent evidence to rebut the presumption of law that favored the deceased when the trial court sustained the defendant's motion to dismiss the plaintiff's cause of action.

MOTION FOR REHEARING DENIED.