WILLIAM S. BAILEY, ADMINISTRATOR OF THE ESTATE OF
GORDON D. BAILEY, DECEASED, APPELLEE, V. DEXTER E.
SPINDLER ET AL., APPELLANTS.
74 N. W. 2d 344

Filed January 13, 1956.   No. 33835.

*Kirkpatrick & Dougherty* and *Chambers, Holland & Groth, for* appellants.

*Kelly & Kelly* and *Kenneth H. Elson,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action by William S. Bailey, administrator of the estate of Gordon D. Bailey, deceased, plaintiff and appellee, against Dexter E. Spindler and C. James Holm, doing business as Grand Island Dairy Products Co., and Donald L. Larson, defendants and appellants. There were other defendants at the time the action was instituted but they have been dismissed. Therefore no further mention of them is required. The action is one for the recovery of damages for the wrongful death in favor of the next of kin of Gordon D. Bailey, under authority of sections 30-809 and 30-810, R. R. S. 1943.

The case was tried to a jury. The jury returned a verdict in favor of the plaintiff and against the defendants in the amount of $4,703. Judgment was rendered on the verdict. Motions for new trial or in the alternative for judgment notwithstanding the verdict were filed. These motions were duly overruled. From the judgment and the order overruling the motions the defendants have appealed and are here seeking a reversal of the judgment.

As grounds for reversal the brief contains numerous assignments of error. Before considering the assign-

ments, or such of them as require consideration, it appears expedient to state the salient facts to which the assignments refer and the theory on which the case was presented to the court by the pleadings and the evidence.

On March 17, 1951, Gordon D. Bailey was a passenger in an automobile which arrived at a point on U. S. Highway No. 34 a short distance east of Aurora, Nebraska, at about 1 a. m. Bailey was in the front seat with the driver who was Raymond R. Kiolbasa. In the rear seat were two boys and a girl. The automobile was traveling westward. The party had left Lincoln, Nebraska, at about 10 p. m. on March 16, 1951, and the destination was Grand Island, Nebraska. At the location in question the front end of the automobile in which Bailey was riding came into collision with the front end of the tractor which was attached to and was conveying in an easterly direction a semi-trailer loaded with eggs. The exact point of the collision was either on the north edge of the concrete paving which is about 20 feet wide or just off of it to the north on a graveled area about even with a line running north and south past the east end of a filling station and restaurant. As a result of the collision the tractor and the automobile in which Bailey was riding were demolished and all of the occupants of the automobile were killed except the girl.

The operator of the tractor was the defendant Donald L. Larson and at the time he was operating it for and on behalf of the other defendants named herein.

The plaintiff pleaded that Gordon D. Bailey came to his death as the result of the negligence of Larson in consequence of which he is entitled to recover damages in this action for and on behalf of the next of kin of Gordon D. Bailey. The plaintiff was the father and Mildred E. Bailey was the mother of Gordon D. Bailey. They are the next of kin.

The grounds of negligence charged by plaintiff and submitted to the jury by the court for consideration were

substantially as follows: (1) That Larson failed to keep a proper lookout; (2) that he turned the tractor from a direct course on the highway when the movement could not be made with reasonable safety, and without signaling his intention to do so; (3) that he failed to remain on the south or right-hand side of the highway or to stop and allow the automobile in which Gordon D. Bailey was riding to pass; (4) that he failed to drive on his right half of the highway; and (5) that he failed to yield the right-of-way.

By the answer on which the case was presented for trial the defendants generally denied the allegations of the petition. The answer also contained allegations that the accident was caused and contributed to by the negligence of the driver of the automobile in which Bailey was riding which negligence was the proximate cause of the accident. Specific grounds of negligence are alleged. Also the answer charges that the negligence of the driver was imputable to Bailey. And further the answer alleges that Bailey was guilty of contributory negligence. Specific grounds of contributory negligence are alleged.

The court submitted to the jury by instructions only the defense embraced in the general denial.

The first five assignments of error collectively challenge the sufficiency of the evidence under law to justify the submission of the question of negligence of Larson to the jury. There is but little dispute as to the disclosed facts bearing upon the question.

The evidence discloses without dispute that before reaching the point of the accident Larson who was operating his truck behind and in convoy with another truck saw the other truck pull across and off the highway from the south to the north and stop on a graveled area in the vicinity of the filling station which has been mentioned. Having observed this he proceeded to move over to the north with the purpose of moving off the paving to the east of the point where the truck with

which he was traveling in convoy stopped. From a point 100 to 150 feet west of the point of collision the tractor and trailer were in whole or in part on the north side of the center line of the paving. At the time of the collision the right rear wheel of the trailer was on the center line. After the collision all of the tractor with the possible exception of the right rear wheel was off the paving and on gravel. It was pointed northeast. The truck was properly and sufficiently lighted before the collision. There were no living eyewitnesses to the collision except Larson. The four boys were killed. The girl was asleep at the time and was rendered unconscious by the collision. It is inferable, conclusively so, that the automobile in which Bailey was riding was moving in its proper lane of traffic as it approached the scene. Larson gave no signal at any time of his intention to move to or off the north side of the highway.

The substance of the contention of the defendants is that the automobile in which Bailey was riding came to the scene without lights on account of which it could not be seen and that because thereof the movement of the truck to the north side of the highway and the failure to signal were not the proximate cause of the collision, but that on the contrary the failure of the driver of the automobile in which Bailey was riding to have his automobile lighted was the proximate cause.

In this connection the defendants contend substantially for a rule as applied to this case that Larson had the right to assume that the driver of the automobile in which Bailey was riding had complied with statutory requirements respecting lights; that if he looked up the road and saw no lights he had the right to proceed onto the left side of the highway and to assume that no vehicle was immediately in front of him on its right side of the highway until that presence became known; and that if he proceeded accordingly and never saw any lights and a collision occurred he could not be held to be guilty of negligence but on the contrary the operator of

the other car would be guilty of negligence which was the proximate cause of the collision.

Cited in support of the contention is 21 A. L. R. 2d 1. At this place appears Snook v. Long, 241 Iowa 665, 42 N. W. 2d 76, 21 A. L. R. 2d 1. The case does not sustain the contention. It holds that ordinarily the question of negligence of the party failing to see the lights is one for a jury.

The true rule applicable here is that if there was evidence upon which the minds of reasonable men could differ as to whether or not Larson was guilty of negligence which caused or proximately contributed to the death of Bailey the question of negligence was one for the jury. See, Segebart v. Gregory, 156 Neb. 261, 55 N. W. 2d 678; Davis v. Spindler, 156 Neb. 276, 56 N. W. 2d 107; Taylor v. J. M. McDonald Co., 156 Neb. 437, 56 N. W. 2d 610.

The case of Davis v. Spindler, *supra,* is a companion to this one. In that case on the evidence of the plaintiff we held that the question of the negligence of Larson was one for the jury. Whether or not the evidence in that case was the same as here does not appear. The fact that the two are mentioned as companion cases is but incidental.

The only evidence as to whether or not the automobile was lighted and thus furnished an excuse, or measure of excuse, for Larson's actions in driving on the north side of the highway and not seeing the automobile approaching from the east came from Larson and the driver of the truck moving in convoy.

Larson's testimony is equivocal. The evidence discloses that there is a clear and unobstructed view to the east for a distance of six-tenths of a mile. Larson said that he looked to the east but saw no lights until the automobile was within 10 feet of the front end of his tractor. It could be inferred from his statements that he looked constantly from the time that he started movement into the north lane until, as he says, he saw the

lights 10 feet away. On the other hand it could be inferred that he did not keep a constant lookout in that direction. His last statement came in response to questions on redirect examination by his attorney. The questions and answer are: "Q. Had you been looking down the highway to the east all during that time you were going down? * * * Q. What was your answer? A. Yes, I was looking off and on." The driver of the other truck said he saw no lights coming from the east. As a conclusion he said that if there had been lights he would have seen them. This evidence is subject to question since it is certain that during a part of the time the tractor or trailer or both of them were between him and the oncoming automobile.

Section 39-7,115, R. R. S. 1943, provides: "(a) No person shall turn a vehicle from the direct course upon a highway unless such movement can be made with reasonable safety, and then only * * * after giving an appropriate signal in the manner hereinafter provided in the event any other vehicle may be affected by such movement. (b) A signal of intention to turn right or left shall be given continuously during not less than the last fifty feet traveled by the vehicle before turning."

Larson, by his own admission, gave no signal of any kind. This court has said the violation of the provision of the statute constitutes evidence of negligence. Petersen v. Schneider, 153 Neb. 815, 46 N. W. 2d 355.

He also testified that his truck was lighted and that there were no obstructions of view to the east, yet the automobile in which Bailey was riding was not seen by him until it was but about 10 feet away. Under these circumstances a question of his negligence independent of statute was presented. In Petersen v. Schneider, *supra*, it is said: "In other words, the giving of a statutory signal is not enough, one must exercise reasonable care under all the circumstances. * * * He must take reasonable precautions for his own safety and the safety of others before he undertakes a left turn between in-

tersections where such movements are not anticipated."

Clearly under the facts of this case and statements of legal principle contained in Petersen v. Schneider, *supra,* and other decisions of this court, which statements will not be repeated herein, the question of whether or not Larson was guilty of negligence which was the proximate cause of this collision or proximately contributed to it was one for determination by a jury.

The defendants contend that Bailey was guilty of contributory negligence in a degree requiring a determination as a matter of law that the plaintiff cannot recover in this action against the defendants.

This contention is without any merit whatever. There was no eyewitness to any conduct of Bailey and no circumstance indicating that he did or did not do anything inconsistent with a reasonable regard for his own safety. The plaintiff was therefore entitled to the benefit of the presumption, in the absence of any obtainable evidence as to what a deceased did or failed to do by way of precaution at the time, that he, prompted by a natural instinct, was in the exercise of due care for his own safety. See, Engel v. Chicago, B. & Q. R. R. Co., 111 Neb. 21, 195 N. W. 523; Anderson v. Nincehelser, 152 Neb. 857, 43 N. W. 2d 182, on rehearing 153 Neb. 329, 44 N. W. 2d 518; Edwards v. Perley, 223 Iowa 1119, 274 N. W. 910.

There was, as is hereinbefore pointed out, evidence sufficient to submit the question of whether or not Larson was guilty of negligence which was the proximate cause or proximately contributed to the collision. It may not therefore be said that the court should have decided the case as a matter of law in favor of defendants on the ground that the driver of the automobile in which Bailey was riding was guilty of negligence which was the sole and proximate cause.

This disposes of the challenge of the first five assignments of error adversely to the defendants to the extent that they present the question of whether or not

the court erred in submitting the question of negligence of defendants to the jury.

By the sixth and seventh assignments of error, which are identical, it is contended that the trial court erred in refusing to give instruction No. 1 requested by the defendants. By the proposed instruction the defendants sought to have the court declare the duty and obligation of the driver of the automobile in which Bailey was riding with regard to the defendants at and immediately prior to the collision.

Whether or not it was a proper exposition of the duty and obligation we do not need to decide. The duty and obligation of this driver and also of Larson in this regard was fully and properly set out in instruction No. 9 given by the court of its own motion.

The ninth assignment of error challenges the sufficiency of instruction No. 1 given by the court of its own motion. The challenge as we interpret it is that the court failed to submit that part of the theory of the defense the effect of which was to say that negligence of the driver of the automobile in which Bailey was riding was the proximate cause of the collision.

It is true that in the instructions only the general denial was submitted, whereas the answer charged under specifications negligence on the part of the driver of the automobile in which Bailey was riding.

If there was evidence to sustain one or more of these specifications then it was error to fail to submit the question of that driver's negligence to the jury. In Segebart v. Gregory, 160 Neb. 64, 69 N. W. 2d 315, a case wherein there was a collision between two automobiles and the action was for damages by a guest in one against the driver of the other and a defense was interposed that the collision was caused by the negligence of the driver of the host car, it was said: "Sandoz (the host driver) was the driver of one of the cars involved in this accident. Whether or not his negligence was the sole proximate cause was an issue. * * * Contrary to

plaintiff's contention, it was the court's duty to instruct as to the duties of Sandoz." See, also, McKain v. Platte Valley Public Power & Irr. Dist., 151 Neb. 497, 37 N. W. 2d 923; Pongruber v. Patrick, 157 Neb. 799, 61 N. W. 2d 578; Wright v. Lincoln City Lines, 160 Neb. 714, 71 N. W. 2d 182.

There were five specific charges of negligence against the host driver in this case. There is no evidence whatever to sustain at least four of them. The four relate to conduct of the driver. There is no direct evidence as to this conduct and no circumstantial evidence to support a reasonable inference that in any of the respects named he was negligent. Therefore, the presumption prevails that in the absence of any obtainable evidence as to what a deceased did or failed to do by way of precaution, at the time of and immediately before an injury, that he, prompted by a natural instinct, was in the exercise of due care for his own safety.

The other specification is that this host driver's car was without lights to give warning of its approach in consequence of which the driver was guilty of negligence which was the proximate cause of the collision.

Conclusively the automobile lights were on at the time of the collision. Before that Larson did not see them. We think however, in the light of the presumption of exercise of due care available in favor of a deceased person and the other facts and circumstances disclosed by the record, that there was nothing to justify a submission of this question to the jury. The only reasonable conclusion to be reached is that the host driver was driving on his own right side of the highway. He had no reason to anticipate that a motor vehicle would move over into his path going in the opposite direction. Larson had the duty to have headlights throwing a beam at least 200 feet to the front. (§ 39-780, R. R. S. 1943.) If he had such lights, and apparently he did have, and looked as he was required legally to do, he would have seen the approaching automobile at least 200 feet away

whether it did or did not have lights. Presuming that the host driver was driving at a lawful rate of speed with lights Larson had as much as 43 seconds, the unobstructed distance to the east being six-tenths of a mile, to observe it. In this view it appears reasonable to say that presumptively the host driver was not driving without lights but was also in this connection exercising due care for his own safety.

The trial court did not err in failing to submit negligence on the part of the driver of the car in which Bailey was riding.

This treatment of the ninth assignment of error effectually disposes of assignments of error No. 11 and No. 13.

The twelfth assignment of error is a challenge to the tenth instruction given by the court of its own motion. The only objection is that the court along with the instruction as to the statutory duty of the operator of a motor vehicle making a left turn on a highway from a direct course included the legal provision in that connection wherein a pedestrian may be affected, whereas the rights of or duties to pedestrians were not in this case involved.

While it may well be said that this inclusion was erroneous, it may not reasonably be said that it was prejudicial. In the syllabus in Henkel v. Boudreau, 88 Neb. 784, 130 N. W. 753, it was said: "It is error for the court, in instructing a jury, to copy sections of the statute, where the section contains subjects not in issue nor proper to be presented to the jury, but the error is without prejudice if the issues on trial are clearly defined, and the embodying of the immaterial portion of the section could not in any way mislead the jury." We fail to see how the jury could have been misled by the inclusion of this subject matter in the instruction.

By assignment of error No. 15 it is contended that the court erred in giving instruction No. 11 of its own motion. The particular objection is that in its instruction

as to the manner of giving signals for left turn there was included an optional effective signal not at the time of the accident legally recognizable. This was true but the instruction was more favorable to the defendants than they were entitled to. This being true they may not be heard to complain.

By assignment of error No. 14 the defendants contend that it was error for the court to give instruction No. 19 of its own motion. The instruction purports to generally define the ordinary duties of the operators of automobiles in straight-away operation on highways except one-way streets. There is no contention that the definition is not correct. The objection is that it submits matters not in controversy. The contention is without merit. The jury was entitled to know what the rights and obligations of the drivers of the two vehicles were at the time in question. This instruction did nothing more than to impart a portion of that knowledge.

By assignment of error No. 8 the defendants contend that the giving of instruction No. 23 was erroneous. The point of the objection is that by the instruction the court informed the jury as to the law relating to the right of recovery in behalf of parents on account of the death of a child for probable contributions which would have been made after the child attained his majority. The objection is not that the instruction does not contain a correct exposition of legal principle. The objection is that there was no evidence from which a reasonable inference could flow that Bailey would have contributed to his parents after attaining his majority, hence the giving of that part of the instruction was prejudicially erroneous.

It is true that there was no such evidence and the part of the instruction submitting the question was erroneously included. This court has said: "The court should eliminate all matters not in dispute and submit to the jury only the controverted questions of fact upon

which the verdict must depend." Myers v. Willmeroth, 151 Neb. 712, 39 N. W. 2d 423.

While this portion of the instruction was erroneous we conclude that it was not prejudicially so. An instruction may not be regarded as prejudicially erroneous unless it might mislead a jury. The appropriate rule is that it is reversible error to instruct on a question not raised by pleadings nor applicable to the evidence when the instructions have a tendency to mislead the jury. See, Esterly & Son v. Van Slyke, 21 Neb. 611, 33 N. W. 209; Sabin v. Cameron, 82 Neb. 106, 117 N. W. 95; Koehn v. City of Hastings, 114 Neb. 106, 206 N. W. 19; In re Estate of Steininger, 139 Neb. 284, 297 N. W. 159; Johnson v. Anoka-Butte Lumber Co., 141 Neb. 851, 5 N. W. 2d 114; Myers v. Willmeroth, *supra*.

The terms of the instruction are in nowise uncertain or ambiguous. The instruction clearly in substance told the jury that no legal obligation rests upon a son to support his parents after marriage or after becoming of legal age. It was then told that there are situations where, if it be shown with reasonable certainty that a son would have contributed to his parents after marriage or after attaining legal age, a recovery could be had for the benefit of the parents in an action for the wrongful death of the son. It was then specifically cautioned that no recovery could be had in this respect unless the evidence showed preponderantly and with reasonable certainty that such contributions would have been made.

In the light of the manner in which the instruction was drawn and the clear and specific caution therein contained it does not appear that a jury could have been misled.

Assignment of error No. 10 has been heretofore effectually disposed of adversely to the defendants.

The conclusion reached after a consideration of all of the assignments of error is that the record presents no ground for reversal.

The judgment is affirmed.

AFFIRMED.