OTTO E. KOEHN, ADMINISTRATOR, APPELLANT V. CITY OF. HASTINGS, APPELLEE.

FILED DECEMBER 8, 1925.    No. 23482.

1. **Municipal Corporations:** NEGLIGENCE: PROOF. Whether the agents or employees of a municipal corporation are negligent in the manner in which they park a motor truck in the street must be determined by the standards fixed by law, without regard to any private rules or usage or custom, adopted by the corpora-

Koehn v. City of Hastings.

tion's employees, and the admission of evidence as to such rules, usages and customs is erroneous.

2. **Trial:** INSTRUCTIONS. In stating the issues of fact in its charge to the jury, the court should submit to the jury only such issues as are presented by the pleadings and are in controversy, and which find some support in the evidence.

3. ————: ————. Where contributory negligence is pleaded as a defense, but there is no evidence to support such defense, it is error to submit such issue to the jury.

4. ————: ————. Where two conflicting instructions are given on a question, one containing an incorrect, and the other a correct, statement of the law, the latter will not cure the former.

5. **Negligence:** LIABILITY. If one suffers injury and damage as the proximate result of the negligence of two others, and the damage would not have occurred but for the negligence of each of such parties, both are liable to the person so injured.

6. ————: ————. Ordinarily, the negligence of the driver of a public taxicab cannot be imputed to a passenger or to an invited guest riding with him.

7. **Witnesses:** EXAMINATION: LEADING QUESTIONS. The question of permitting leading questions to be put to a witness ordinarily rests largely in the sound discretion of the trial court; but, where the witness is shown to be friendly to the party calling him, leading questions should be avoided upon the important issues of fact to be submitted to the jury.

APPEAL from the district court for Adams county: WILLIAM A. DILWORTH, JUDGE. *Reversed.*

*William L. Dowling, Earl J. Moyer, Barnhart & Stewart, J. W. James* and *C. B. Ellis,* for appellant.

*W. M. Whelan* and *Bruckman & Paulson, contra.*

Heard before MORRISSEY, C. J., DAY, GOOD, THOMPSON and EBERLY, JJ.

GOOD, J.

Action by Otto E. Koehn, as administrator of the estate of his deceased wife, against the city of Hastings, to recover damages for negligently causing her death.

The action is grounded on sections 1382 and 1383, Comp. St. 1922. Defendant denied negligence, and pleaded the statute of limitations and contributory negligence on the part of Mrs. Koehn. A jury trial resulted in a verdict for defendant. Plaintiff appeals.

Defendant, city of Hastings, is a municipal corporation and a city of the first class, and owns and operates an electric light plant, selling electric current to its citizens and others. Defendant owned a motor truck, which was used by its employees in keeping its lighting plant in repair, and among the tools carried on this truck was a pike pole, about 14 feet long, with a sharp steel point on one end. This pole was carried strapped upon the left side of the truck, with the steel point projecting two or three feet from the rear.

On the morning of July 24, 1920, the defendant's employees parked the truck, with the pike pole so strapped to it, on the west side of Denver street, in the city of Hastings. The rear end of the truck was to the north. Mr. and Mrs. Koehn resided in Norfolk, Nebraska. Upon the morning in question she was visiting with her parents in the city of Hastings. Two guests at the home of her parents desired to go to the railway station, and her father called a taxicab to convey them thither. Mrs. Koehn was invited to ride to the station in the taxicab. She took her position in the front seat and on the right-hand side of the driver. The driver of the taxicab, with his passengers, drove south along Denver street, and, as he approached the point where the city's truck was parked, he observed another truck parked on the east side of the street and opposite the city's motor truck. At about this point he met another automobile coming from the south, and turned to the right, so as to leave room for the other car to pass. He did not observe the pike pole protruding into the street. The sharp end of the pike pole entered the taxicab and struck Mrs. Koehn in the neck, inflicting injuries from which she died a few days later.

There was no substantial conflict in the evidence save as to the angle at which defendant's motor truck was parked

and the distance that the point of the pike pole protruded into the street. Plaintiff's evidence tended to show that the motor truck was parked at an angle of about 45 degrees, and that the sharp point of the pike pole protruded some 14 feet into the street, while defendant's testimony tended to show that its motor truck was parked nearly parallel with the curb, and that the sharp point of the pike pole protruded no more than 8 or 9 feet into the street.

The errors assigned relate to rulings on admission of evidence, over objection, and to the giving and refusing of instructions.

Over objection, defendant was permitted to introduce evidence tending to show that, pursuant to conversations had among the employees of the city, the foreman had formulated and adopted a rule that the truck in question should be parked parallel with the curb, and that an employee should be left to guard the pointed pike pole; that, pursuant to this rule, the usage and custom for more than three years had been to so park the truck and guard the pole. There is no pretense that plaintiff's deceased had any knowledge of this rule or custom.

It is a well-settled rule that usage and custom will not justify negligence. If the usage or custom is invalid or unreasonable and is productive of injury, the fact that such custom has prevailed for a long time will not justify a negligent act. Such usage or custom constitutes no defense in an action for negligence. The rule is well stated in the case of *Fonda v. St. Paul City R. Co.*, 71 Minn. 438, wherein it is said:

"But a person cannot, by the adoption of private rules, fix the standard of his duty to others. That is fixed by law, either statutory or common. Such rules may require more, or they may require less, than the law requires; and whether a certain course of conduct is negligent, or the exercise of reasonable care, must be determined by the standard fixed by law, without regard to any private rules of the party."

Other cases supporting this view are *Hamilton v. Chicago,*

*B. & Q. R. Co.,* 145 Ia. 431; *Hansell-Elcock Foundry Co. v. Clark,* 214 Ill. 399; *Beidler v. Branshaw,* 200 Ill. 425; *McCartney v. City of Washington,* 124 Ia. 382; *Polmatier v. Newbury,* 231 Mass. 307; *Stewart v. Cushing,* 204 Mass. 154; 27 R. C. L. 194, sec. 39.

The admission of evidence as to the rules, usages and customs, adopted by defendant, regulating the parking of its motor truck, would naturally impress the jury with the idea that it was proper for them to consider it in determining the issues of fact. Its effect could not be otherwise than prejudicial to plaintiff.

It is alleged that the charge to the jury was erroneous in many respects. We shall not comment on each instruction, but shall call attention to such parts of the charge as we think were prejudicially erroneous.

In outlining the issues to the jury, the charge contained statements of fact, submitted to the jury, which were not controverted, and also a number of issues of fact where there was no competent evidence to support such issues. In outlining the issues to be submitted to the jury, the court should limit the issues to such as are controverted and are supported by evidence. Issues presented by the pleadings, but not supported by evidence, should not be submitted to the jury. To do so is calculated to confuse and befog the real issues of fact which they are to determine.

In this connection it may be observed that among the questions submitted to the jury was the question of contributory negligence of plaintiff's decedent and the rule of comparative negligence. There was no competent evidence in the record that would tend, in the remotest degree, to establish contributory negligence on the part of plaintiff's decedent. The submission of that question, or of the question of comparative negligence, would necessarily lead the jury to believe that there was evidence that would justify a finding upon these points.

Again, the instructions are in conflict with each other. In one instruction the jury were informed that plaintiff was entitled to recover if defendant's negligence was the

sole and proximate cause of the death of plaintiff's deceased, and in another instruction they were properly told that, if the defendant was negligent, and its negligence was one of the proximate causes of the death of plaintiff's decedent, it would then be no defense to show that the driver of the taxicab, in which she was driving, was also negligent.

Where conflicting instructions are given, it leaves the jury in doubt as to which should be followed. In this case there was evidence tending to show negligence, on the part of the taxicab driver, that may have contributed to the injury complained of. If one suffers damage as the proximate result of the negligence of two others, and the damage would not have occurred but for the negligence of each of such parties, both are liable to the person so injured. In the instant case it was no defense that the negligence of the taxicab driver may have contributed to cause the injury complained of, provided the injury would not have occurred but for the negligence of the defendant. *Davis v. Union P. R. Co.,* 99 Neb. 769; *Gould v. Schermer,* 101 Ia. 582; *Harvey v. City of Clarinda,* 111 Ia. 528.

That the negligence of the driver of a public conveyance, such as a taxicab, cannot be imputed to a passenger or an invited guest, riding with him and in his conveyance, is thoroughly settled in this jurisdiction. *Berlo v. Omaha & C. B. Street R. Co.,* 104 Neb. 827; *Reudelhuber v. Douglas County,* 100 Neb. 687; *Loso v. Lancaster County,* 77 Neb. 466; *Craig v. Chicago, St. P., M. & O. R. Co.,* 97 Neb. 586. Under the facts disclosed by the record, clearly it was error for the court to submit to the jury the negligence of the driver of the taxicab as a defense.

Under the issues raised by the pleadings and established by the evidence, the only issues that should have been properly submitted to the jury were whether or not defendant was guilty of negligence, which, either alone or concurring with the negligence of the taxicab driver, caused the injury complained of, and, if so, the extent of plaintiff's damage.

We deem it but proper to observe that complaint is made because of the leading character of the questions propound-

ed by counsel for defendant. Ordinarily, discretion is vested in the trial court as to permitting leading questions, but, where the witnesses are shown to be friendly to the party calling them, leading questions upon the important issues of fact to be submitted to the jury should be avoided. The continued and persistent course of leading questions, as disclosed by the record, is such as to call for condemnation. On a future trial it is hoped that they will be avoided.

For the reasons given, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

Note—See Municipal Corporations, 28 Cyc. 912-Trial, 38 Cyc. 1612, 1618, 1783; Motor Vehicles, 28 Cyc. 38-; Negligence, 29 Cyc. 487, 498, 547, 548-; L. R. A. 1915B, 953; 2 R. C. L. 1207; 1 R. C. L. Supp. 743; 4 R. C. L. Supp. 159; 5 R. C. L. Supp. 148.