CELIA STIEFLER, APPELLEE, V. LOUIS H. MILLER, APPELLANT.

FILED JUNE 6, 1930. No. 27152.

*Crofoot, Fraser, Connolly & Stryker* and *James T. English,* for appellant.

*Leon & White, contra.*

Heard before GOSS, C. J., DEAN, GOOD, THOMPSON and DAY, JJ., and FITZGERALD and HASTINGS, District Judges.

HASTINGS, District Judge.

This case arose out of a collision between a Chevrolet coach owned by plaintiff, appellee, driven by one Boyer, and an Oldsmobile coupé owned and driven by defendant, appellant. At the time of the collision the Chevrolet coach was occupied by plaintiff and four other persons, two in the front seat and three in the back. Occupying the seat of the Oldsmobile with defendant were three persons, one of whom was sitting upon the lap of another. The collision occurred on the 24th day of June, 1928, at about 7:30 p. m. on Pacific street, in Douglas county, a short distance north and west of where a private driveway leading from the Highland Country Club intersects said street. Both the plaintiff and defendant claim to have sustained injuries on account thereof. Plaintiff brought this action to recover damages for personal injuries to herself and for damage to her automobile, alleging that the same were the result of the negligence of the defendant in the operation of his automobile. Defendant for his defense denied negligence on his part and pleaded contributory negligence, and, by a cross-action, sought to recover damages for injuries alleged to have been sustained by him in said collision. The jury returned a verdict for plaintiff and judgment was entered thereon, from which defendant appeals.

The case of *Lewis v. Miller,* 119 Neb. 765, arose out of the same collision and the evidence in the instant case is substantially the same as in that case. A further statement of the facts and circumstances surrounding the collision may be had by referring to that case.

Eleven errors are assigned by defendant as grounds for reversal. The greater part of the errors assigned are disposed of adversely to the defendant in *Lewis v. Miller, supra.*

The only assignments of error that need be considered relate to the giving of instructions Nos. 1, 4, and 13. The

question raised thereby is, that by such instructions there was submitted to the jury, without evidence to support it, the following act of alleged negligence: "That defendant drove his car at such time with his view obstructed and impaired by reason of the number of occupants in such car, and their position."

An examination of the instructions complained of discloses that instruction No. 1 is a general instruction setting forth, in substance, the six grounds of negligence alleged in the petition. Instruction No. 4 was to the effect that plaintiff could recover if she established, by a preponderance of the evidence, negligence on the part of the defendant in some one or more of the particulars alleged in plaintiff's petition as the proximate cause of the injury and damage to the plaintiff, unless the jury found that she was guilty of such contributory negligence as would bar her right to recover. In instruction No. 13, the court told the jury, in part:

"In determining what a reasonably prudent man using ordinary care would do under the circumstances, you are at liberty to consider, together with all other facts and circumstances, * * * the number of persons in the car of the defendant, and whether or not such fact obstructed his vision or movements."

By such instructions the court submitted to the jury, with other acts of alleged negligence, the act of negligence referred to. Counsel for defendant contend that such act of alleged negligence finds no support in the evidence, and that the submission of the same to the jury for their consideration was calculated to mislead the jury to the prejudice of the defendant. There is no evidence from which it might be inferred that defendant's view was obstructed by reason of three persons occupying the seat with him, except when looking directly to the south, and the fact that defendant's vision was obstructed by others in the car, when so looking, would not have prevented him from having seen the car of the plaintiff as it came from the private driveway into Pacific street.

In the case of *Lewis v. Miller, supra,* we held that the

submission of this act of alleged negligence was not prejudicial error although it did not find support in the evidence, for the reason that it clearly appeared that the jury were not misled thereby to the prejudice of the defendant. That case is clearly distinguishable from this. In that case Lewis was a passenger in the car of the plaintiff in this case and had nothing to do with its operation or control, and there was no evidence showing that he was guilty of contributory negligence. The negligence of the driver of plaintiff's car in that case, under the circumstances disclosed by the evidence, could not be imputed to him. In that case there was evidence sufficient to warrant the jury in finding that the other alleged negligent acts of the defendant, either alone or concurring with negligence of the driver of the car in which plaintiff was riding, was the proximate cause of the collision and the resultant injury to him. In this case a different situation is presented. Here the plaintiff was the owner of the car in which she was riding. Any act of negligence on the part of the driver of the car was her negligence, and if the driver of her car was guilty of negligence directly contributing to the injury complained of she could not recover, even though the defendant was negligent, unless her contributory negligence was slight and the negligence of the defendant gross in comparison therewith. We think the evidence in this case, as a whole, presented the question for the jury as to whether either the plaintiff or defendant, or both, was guilty of negligence. If the jury found both to be guilty of negligence, then it became their duty to compare the negligence of the parties in determining, as between them, the degree of their negligence.

The case was submitted to the jury upon this theory and no complaint on account thereof seems to be made by the parties.

We have held that: "In stating the issues of fact in its charge to the jury, the court should submit to the jury only such issues as are presented by the pleadings and are in controversy, and which find some support in the evidence." *Koehn v. City of Hastings*, 114 Neb. 106.

Also that: "The instructions of the court should direct the attention of the jury only to facts in support of which evidence has been introduced upon the trial. When an instruction is not founded upon the evidence, and is calculated to mislead the jury in considering the facts of the case, the judgment must be reversed." *Mannion v. Talboy,* 76 Neb. 570; *Trute v. Holden,* 118 Neb. 449. See *Spieler v. Lincoln Traction Co.,* 103 Neb. 339.

In the instant case, the court having submitted an act of alleged negligence which finds no support in the evidence, the question presented is: Was the submission of such act of alleged negligence calculated to mislead the jury to the prejudice of the defendant? We think it was. In the part of instruction No. 13, heretofore quoted, that particular act of alleged negligence is emphasized and the jury given to understand that, if the number of persons in the car of defendant obstructed his vision or movements, they might take such fact into consideration in determining as to whether or not defendant was guilty of negligence in that regard. The defendant's view was obstructed if he looked directly south, but the fact that his vision was so obstructed could not operate as a cause of or contribute to the collision. The submission to the jury of this act of alleged negligence would tend to lead them to assume and believe there was evidence to warrant a finding thereon. The fact that there was sufficient evidence to warrant the jury in finding that defendant was guilty of the other acts of alleged negligence does not operate, in this case, to relieve the submission thereof of its prejudicial character. If the jury found that plaintiff was guilty of contributory negligence, then it became their duty to make a comparison of the negligence of the parties; and if they found that defendant was guilty of the act of alleged negligence, the submission of which is complained of, it might become an important factor with them in determining whether the negligence of the defendant was gross in comparison with that of the plaintiff. The submission of such issue was calculated to mislead the jury to the prejudice of the defendant.

The conclusion reached renders unnecessary the consideration of other alleged errors.

For the reasons pointed out, the judgment is reversed and the cause remanded for further proceedings.

REVERSED.

The following opinion on motion for rehearing was filed October 24, 1930. *Former judgment of reversal vacated, and judgment of district court affirmed.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

GOOD, J.

This is a rehearing of the case of *Stiefler v. Miller, ante,* p. 6. It is an action to recover damages resulting from a collision of two automobiles, and is one of a series of cases arising from the same accident. Judgments for plaintiff against the same defendant in two of the actions have been affirmed by this court. See *Lewis v. Miller,* 119 Neb. 765, and *Ziskovsky v. Miller,* p. 255, *post.* The facts reflected by the record in this case are almost identical with those detailed in the opinion in *Lewis v. Miller, supra,* and reference is made thereto and to the former opinion in this case for a detailed statement of the situation.

The former opinion reversed a judgment for plaintiff, on the ground that the court committed prejudicial error in submitting to the jury one of the alleged acts of negligence which was not supported by evidence, namely that defendant's view was obstructed by reason of the number of persons and their situation in his car. The opinion went on the assumption that plaintiff may have been guilty of

contributory negligence, and the submission of this ground of alleged evidence was calculated to mislead the jury and was therefore prejudicial.

The collision occurred a short distance northwest of the point where the private driveway from the Highland Country Club connects with Pacific street. Plaintiff's car had entered Pacific street and was turning west on the north side of the highway, and defendant was rapidly approaching the same point from the west and was also traveling on the north side of the highway, when he should have been on the south side. The evidence shows without dispute that, prior to entering Pacific street, plaintiff's car was stopped; the driver and at least one other occupant looked both to the east and west, and no vehicle was in sight when they started to enter Pacific street. The evidence also shows without any substantial dispute that plaintiff's car was not traveling more than five or six miles an hour and had nearly come to a stop at the instant of the collision. This state of facts being reflected entirely fails to support any theory of contributory negligence on the part of plaintiff or her driver. It therefore follows that the distinction between the situation presented by the instant case and that of the *Lewis* case, assumed in our former opinion, did not exist.

Furthermore, the evidence discloses without dispute, not only that plaintiff was without fault, but that defendant was guilty of negligence beyond question in the following respects: That he was driving on the wrong side of the highway at a high rate of speed and without keeping a proper lookout for other travelers or obstacles upon the highway, and that the brakes on his car would not and did not operate. Defendant admitted that he was traveling at the rate of 40 miles an hour, and the evidence for plaintiff would indicate that it may have been 50 or 60 miles an hour. Defendant, himself, testified that he did not see plaintiff's car until his attention was called to it by another occupant of his car; that plaintiff's car was then not more than 50 to 75 feet distant and in the center of the highway. This state of facts demonstrates beyond

the peradventure of a doubt that defendant was guilty of negligence which was the proximate cause of plaintiff's injury. In this view of the case, no other verdict than one for the plaintiff was justified.

Defendant complains of the giving and refusing of instructions to the jury. Since no other verdict than one for the plaintiff could have been sustained, any errors in the instructions, unless they related to the measure of plaintiff's recovery, were not prejudicial. None of the instructions of which complaint is made related to the recovery; hence, it is unnecessary to discuss them.

One of the errors assigned by defendant is that the damages are excessive, but this assignment is not discussed in the brief, and, in fact, from a perusal of the entire record, it appears that the amount of recovery is not excessive.

No error prejudicial to the defendant has been found. Our former opinion is hereby modified; the former judgment of reversal is set aside, and the judgment of the district court is

AFFIRMED.