IN RE ESTATE OF JOHN H. BARTMESS.
FIRST STATE BANK OF DICKENS, APPELLANT, V. WILLARD BARTMESS, EXECUTOR, APPELLEE.

FILED FEBRUARY 21, 1935. No. 29153.

*Beeler, Crosby & Baskins, James T. Keefe* and *Bruce K. Lyon*, for appellant.

*Hastings & Hastings* and *Halligan, Beatty & Halligan,* contra.

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and CARTER, JJ., and CHASE, District Judge.

DAY, J.

This is an action to recover on a promissory note as a claim against the estate of John H. Bartmess, deceased. Objections were filed to the allowance of the claim, among which were the allegations that the de-

ceased was mentally incompetent to execute the note. The county court did not allow the claim, and an appeal was perfected to the district court, where by stipulation it was tried upon the same pleadings as in county court. The trial court withdrew from the consideration of the jury questions relating to consideration for the note and to fraud and misrepresentation made at the time the note was executed. Only the question of mental capacity to execute the note was submitted to the jury. The jury returned a verdict against the claimant.

The record requires a review of the judgment of the trial court that the deceased did not have the mental capacity to execute the note. Much of the testimony in the record relates to the questions of consideration and fraud and misrepresentation.

It is urged that it was error for the trial court to permit certain friends and acquaintances who had known him for many years to testify as to unusual circumstances and then to state that he did not understand the nature of a business transaction and was incapable of transacting his own business. The appellant insists that the question is whether the deceased was sane or insane. We do not deem the issue so narrowly confined. In *Keiser v. Keiser*, 113 Neb. 645, it is said: "Sanity and competency to manage an estate are not synonymous terms. A man may be sane in the sense that it is not necessary to incarcerate him in an asylum and yet be incompetent to manage an estate, even though he be not a spendthrift or a drunkard."

In *Hall v. Hall*, 124 Neb. 798, it is said: "Where one is by reason of old age, disease, weakness of mind, or from any cause unable or incapable, unassisted, to properly manage his property, he is incompetent, and a guardian should be appointed."

Very recently, this court, in *Shotwell v. First Nat. Bank*, 127 Neb. 676, held: "The question whether one * * * was incapable of making a valid contract depends upon whether, at the time of executing the contract, his under-

standing was so deficient that he had no knowledge of the consequences of the act."

The nonexpert witnesses in the cases were asked, after relating the details indicating physical and mental condition, if in their opinions, based upon these facts, the deceased was able to transact ordinary business affairs and know the nature and extent of the ordinary business transactions. Appellant apparently complains because the witnesses were not asked whether the deceased was in their opinion sane or insane. In *Keiser v. Keiser,* 113 Neb. 645, this court differentiated between mentally incompetent and incapable and insanity.

Where the mental competency of a person is in issue, a nonexpert witness who has an extended intimate acquaintance with such person may state his opinion, where he has given the facts and circumstances upon which it is based. *Kehl v. Omaha Nat. Bank,* 126 Neb. 695.

In *In re Estate of Cheney,* 78 Neb. 274, the issue was the competency of deceased to make a will. The nonexpert witnesses were asked if in their opinions the deceased was capable of making a will. The witnesses here were not asked if the deceased was capable of executing a note, but whether deceased, in their opinions, understood ordinary business transactions and the nature and extent of such transactions. There is evidence in the record tending to prove that John H. Bartmess was by reason of old age, disease, and weakness of mind unable to understand the ordinary business transactions and incapable of managing his property. The issue was properly submitted to the jury.

The plaintiff complains about the admission of certain evidence between the deceased and his sons relative to a family, one member of which was an officer of the bank which filed this claim. The admission of this evidence was not error for that it indicated the mental condition of the deceased. Objection was made to the admission of other evidence which was introduced upon issues raised by the pleadings herein but which was with-

drawn from the consideration of the jury and was not therefore prejudicial to the appellant.

Certain instructions are challenged as erroneous, the basis of the criticism being that they did not submit to the jury the question of sanity or insanity, which the appellant contends was the only issue in this case. We have examined the instructions, and, taken in connection with all the other instructions in the case and the evidence, we are constrained to hold that they are not prejudicially erroneous in this case. All of the errors argued relate to the question of the mental incompetence necessary to invalidate a contract. In view of our determination of this question, the trial court committed no error in the admission of evidence or the giving of instructions.

AFFIRMED.