HARRY L. STEPHENSON, APPELLEE, V. DE LUXE PARTS COM-
PANY, APPELLANT.

277 N. W. 44

FILED JANUARY 4, 1938.   No. 30095.

*Rinaker & Delehant* and *M. S. Hevelone,* for appellant.

*Kenneth S. Wherry* and *J. A. McGuire, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and
CARTER, JJ., and KROGER, District Judge.

KROGER, District Judge.

This is an appeal from a judgment in favor of plaintiff
for property damages resulting from an automobile colli-
sion.

There are three principal assignments of error, the first
being that the court erred in denying defendant's request
for a mistrial when plaintiff, as a witness, testified that
after the accident he talked with the manager of the de-
fendant company, and in response to the question as to
what the conversation was, he stated that he informed de-
fendant's manager that there had been a collision and
where, and that the manager then called the insurance
company.  This was the only reference by plaintiff to there
being any insurance involved.  Appellant contends that
under the holding of this court in the case of *Fielding v.
Publix Cars, Inc.,* 130 Neb. 576, 265 N. W. 726, and *Bergen-
dahl v. Rabeler,* 131 Neb. 538, 268 N. W. 459, this reference
to insurance constituted reversible error.  The record dis-
closes, however, that a Mr. Culver, who was an officer and
manager of defendant company, was called as a witness

by the defendant and, in giving his testimony as to what repairs his company had made on plaintiff's car, volunteered the information that "there seemed to be a little misunderstanding between him (plaintiff) and the insurance company, so we discontinued work on the car." From the foregoing it will be seen that defendant itself injected the matter of insurance into the case, and under those circumstances any error committed by plaintiff in making reference to insurance was without prejudice to the defendant.

The next assignment of error is that the court erred in refusing to admit evidence of contributory negligence. We have carefully examined the record and we fail to discover where any evidence of contributory negligence on the part of the plaintiff was offered or where the trial court refused to accept evidence of contributory negligence and our attention is not called to any such evidence by appellant's brief.

The third assignment of error is that the court erred in failing to submit the issue of contributory negligence to the jury. As previously stated, the record is bare of any evidence of contributory negligence on the part of the plaintiff. The mere fact that contributory negligence may be pleaded as a defense does not justify the submission of that issue to the jury where there is no evidence to support it. *Koehn v. City of Hastings,* 114 Neb. 106, 206 N. W. 19.

The judgment appealed from is

AFFIRMED.