IN RE ESTATE OF SARAH WULLSCHLEGER STEININGER.
BRYAN MEMORIAL HOSPITAL, APPELLANT, V. JOHN F. STEIN-
MEYER, ADMINISTRATOR, APPELLEE.

297 N. W. 159

FILED MARCH 28, 1941.  No. 31005.

*G. E. Hager,* for appellant.

*Max G. Towle* and *E. R. Smith, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, CARTER, MESSMORE and YEAGER, JJ., and MEYER, District Judge.

YEAGER, J.

Sarah Wullschleger Steininger died intestate in Lancaster county, Nebraska, on July 11, 1938. Thereafter, John F. Steinmeyer was appointed and duly qualified as administrator of her estate. After the appointment of the administrator, the Bryan Memorial Hospital, hereinafter referred to as appellant, filed a claim against the estate in the amount

of $4,000, which claim was based on a written instrument, and which instrument has been variously denominated an "estate pledge," a "note," a "pledge" and an "agreement." The instrument is in form and content as follows:

"Date Febr. 7   1934                              $4,000.00
                "Bryan Memorial Hospital
                    "Lincoln, Nebr.

"In consideration of my interest in the Bryan Memorial Hospital of the Methodist Episcopal Church, and of the gift of Mr. W. J. Bryan and Wife, and of others subscribing to this fund, we severally and jointly, binding our separate estates therefor, hereby pledge and promise to pay to the Treasurer of the Board of Trustees of the Bryan Memorial Hospital, aforesaid, the sum of

Four Thousand and 00/100                Dollars $4,000.00
upon the following terms and conditions:

"1. This pledge shall be due and payable at the time of my decease and shall be paid out of the proceeds of my estate.  May at the Donor's option be paid by deeding Real Estate or the assigning of real estate Mortgages or both at the equivalent of the above named amount. Except as it relates to the Gage County Mortgage and the University Place Property.

"2. This pledge shall bear interest at the rate of ....% per annum, from ........192.....

"Witness J. Jacob     Name Sarah Wullschleger Steininger
        Steininger

"Solicitor   F. E. Sala (indorsed on margin)"

The administrator filed objections in the county court. A hearing was had and the county court allowed the claim. From the judgment of the county court the administrator, hereinafter to be referred to as appellee, on behalf of the estate appealed to the district court. In the district court the appellant herein filed a petition. To the petition the appellee herein did not file new objections, but by stipulation of the parties it was agreed that the objections filed in the county court, with an amendment allowed in the district court, should stand as the objections to the petition. To the

objections as stipulated a reply was filed. On the issues thus joined a trial was had to a jury which resulted in a verdict and judgment in favor of the objector, appellee herein. From the judgment of the district court, appellant has prosecuted an appeal to this court. Twelve assignments of error are set forth in the brief.

It is urged that the verdict is contrary to the law and the evidence, and complaint is made that the court erred in giving certain instructions and in refusing to give one tendered by the appellant.

Appellant contends that in instruction No. 1 the trial court, instead of setting forth the issues tendered by appellee which found support in the evidence, erroneously set forth all of the claims contained in the objections filed, some of which were not supported by any evidence. Appellant insists that the court should have submitted only those supported by evidence. In order to determine this question it has been necessary to examine the objections and the instruction. The examination shows that the objections are without chronological arrangement; and the instruction, in the statement of the issues tendered, follows quite closely the petition. As we interpret the instruction, it sets forth the following tendered issues:

The claim of the appellant herein should be disallowed for reasons that (1) it is contrary to law, (2) there is no indebtedness, (3) the instrument on which the claim is based was secured by fraud, undue influence and false promises, (4) the instrument was executed upon the express promise that the deceased would receive hospitalization at the hospital of appellant free of charge, and (5) at the time the instrument was executed the deceased was mentally incompetent to make the pledge represented by the instrument.

In the same connection appellant states that the trial court, in instruction No. 3, attempted, but ineffectively, to define and limit the issues presented by No. 1. Instruction No. 3 limited the consideration of the jury to three of the grounds of objection set forth by appellee. They are: (1)

That the pledge was secured from the deceased by the exercise of undue influence by an agent or agents of appellant; (2) that, at the time the pledge was signed and executed, deceased was mentally incompetent to make the pledge; and (3) that the pledge was secured from the deceased upon a promise of an agent or agents of the appellant that she would receive care and hospitalization during her lifetime without cost to her, which was refused. It is urged also that this instruction defines issues unsupported by evidence.

A determination of this question has required an examination of the entire record in this case. In the light of the conclusion arrived at from the examination of the evidence, it is not necessary to discuss the question of whether or not instruction No. 1 submits issues broader in scope than those submitted in instruction No. 3, since it is clear that instruction No. 3 clearly submitted issues not supported by any evidence.

As already pointed out, the court submitted the objection that the pledge was secured from the deceased by the exercise of undue influence, and also the objection that it was obtained under an agreement for hospitalization, which agreement was breached. Was there any evidence to support these two propositions? We think not.

On December 27, 1924, on the solicitation of F. E. Sala, the deceased signed an estate pledge payable to the appellant out of her estate after death for $7,000. On February 7, 1934, she signed the pledge which is the basis of this action for $4,000, whereupon the first pledge was surrendered under a written promise by deceased that, if at any time during her lifetime she was in a position to do so, she would pay the $3,000 waived in the new pledge or the one for $4,000 made in 1934. The action is on the 1934 obligation, but all of the evidence as to undue influence, and as to agreement for hospitalization, relates to the 1924 obligation which was canceled by the 1934 obligation, and there is no word of direct testimony or competent testimony from which a reasonable inference could be drawn that conditions attaching to the first instrument should attach to the second.

The only information the record discloses as to execution and delivery of the second instrument is that deceased, with her husband, went to the office of Ernest M. Bair in the Citizens Bank at University Place, and there executed the instrument and took it away with her, and that some time after F. E. Sala delivered it to the hospital. How, when or under what circumstances the instrument came into the hands of Sala is not disclosed in the evidence. Appellee inferentially denies that the instrument was signed at the place and under the circumstances testified to, but offers no other explanation or information.

The only evidence bearing on the question of undue influence was to the effect that in 1934 the attitude of deceased toward church, religion and ministers was such that she could be subjected to undue influence. The only evidence relating to an agreement for hospitalization was by witnesses, relatives of deceased, and to the effect that the agent of the appellant had come to them and urged that they make pledges to the hospital, and that if they would do so then the hospital would agree to furnish to them free hospitalization the same as it had agreed with the deceased. These occurrences testified to were after the pledge of deceased made in 1924, but years before 1934. In addition, witnesses were allowed to testify, over objection, substantially, that deceased stated during the latter days of her life that she would have nothing further to do with the hospital, that she had paid her bills and that she owed the hospital nothing, and that the hospital had not kept its agreement with her. What agreement she had in mind is not identified.

It becomes clear then that the trial court submitted issues for determination which were not supported by any evidence. That this was error can hardly be questioned. This court said in *Koehn v. City of Hastings,* 114 Neb. 106, 206 N. W. 19: "In outlining the issues to be submitted to the jury, the court should limit the issues to such as are controverted and are supported by evidence. Issues presented by the pleadings, but not supported by evidence,

should not be submitted to the jury. To do so is calculated to confuse and befog the real issues of fact which they are to determine." This holding has been followed in the later cases of *Lewis v. Miller,* 119 Neb. 765, 230 N. W. 769; *Stiefler v. Miller,* 120 Neb. 6, 231 N. W. 153; *Miller Rubber Products Co. v. Anderson,* 123 Neb. 247, 242 N. W. 449.

On account of the error contained in instruction No. 3, without further discussion of instruction No. 1, a reversal of this case is required. We are of opinion though that the case must be remanded for a new trial. The evidence indicates that the objection that deceased was incompetent to make the pledge for $4,000 in 1934 was a proper issue for submission to a jury. Several witnesses closely associated with the deceased, who related the history of their associations and acquaintances with deceased, were allowed to, and did, express opinions as to whether or not deceased was mentally competent to execute such an obligation at the time this one was executed. Some on behalf of appellee expressed the opinion that she was not competent, and, on the other hand, some on behalf of appellant expressed the opinion that she was. This evidence presented an issue for determination by the jury on the former trial, and will require submission and determination on a new trial of the case.

In *Kehl v. Omaha Nat. Bank,* 126 Neb. 695, 254 N. W. 397, this court said: "If the mental condition of a person becomes a material subject of inquiry, a nonexpert witness may be permitted to state his opinion concerning that condition if he is shown to have had a more or less extended and intimate acquaintance with such person and gives the facts and circumstances upon which the opinion is based. The weight to be given such testimony is a question for the jury, to be considered by them in connection with the credibility and intelligence of the witness, and his opportunities for observation." The rule as announced in this case was approved and followed in *In re Estate of Bartmess,* 128 Neb. 408, 258 N. W. 877; *Davidson v. First American Ins. Co.,* 129 Neb. 184, 261 N. W. 144; *Bankers Life Ins. Co. v. Aron,* 133 Neb. 187, 273 N. W. 280.

290

This determination upon the issues presented by instructions discussed and the evidence renders unnecessary a decision upon the other assignments of error. Most of them are disposed of by this determination. Those not disposed of are not likely to arise on a new trial. A discussion of them here would be academic and would serve no useful purpose.

For the reasons herein set forth, the decision of the district court is reversed and the cause remanded for a new trial.

REVERSED.