PHIL GAIN, A MINOR, BY RAYMOND A. GAIN, HIS FATHER AND NEXT FRIEND, APPELLEE, V. CLAUDE W. DRENNEN, APPELLANT.

69 N. W. 2d 916

Filed April 22, 1955. No. 33673.

*Kennedy, Holland, DeLacy & Svoboda* and *J. A. C. Kennedy, Jr.,* for appellant.

*Robert D. Mullin* and *Robert E. McCormack,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action in two causes of action by Phil Gain, a minor, by Raymond A. Gain, his father and next friend, plaintiff and appellee, against Claude W. Drennen, defendant and appellant. The first cause of action is for damages for injuries claimed to have been sustained by him as the result of an accident which occurred on May 6, 1953, at the intersection of Forty-second and Leavenworth Streets in Omaha, Nebraska. Plaintiff claims that the accident was the result of negligence on the part of the defendant. Phil Gain is a minor child and the son of Raymond A. Gain. The second cause of action is one on behalf of Raymond A. Gain for the recovery of hospital and doctor bills in the care of Phil Gain following as a consequence of his injuries. This cause of action was assigned to Raymond A. Gain. In consequence of this assignment both causes of action were prosecuted in the name of and in behalf of Phil Gain.

Issues were joined and a trial was had to a jury. The verdicts on the two causes of action were separate and both of them were in favor of defendant and against the plaintiff. After verdict the plaintiff filed a motion for new trial which was sustained. The appeal here is from the order of the court sustaining the motion for a new trial.

The order sustaining the motion for new trial contains no reason therefor. Under such circumstances appropriate procedure is for the appellant to bring the record here with an assignment that the court erred in granting a new trial and submit it for critical examination. The duty then devolves upon the appellee to point out the prejudicial error which he contends justifies the

granting of a new trial. The appellant then may reply to the contentions made by the appellee. Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 772; Keiserman v. Lydon, 153 Neb. 279, 44 N. W. 2d 513; In re Estate of Fehrenkamp, 154 Neb. 488, 48 N. W. 2d 421. This procedure has been substantially followed in. this case.

In the light of the issues made by the pleadings it becomes necessary, as to the first cause of action, to consider only the questions presented by the plaintiff. As to the second cause of action it becomes necessary to consider the issue of contributory negligence. This will be made clear later herein.

As indicated the accident occurred at Forty-second and Leavenworth Streets in Omaha, Nebraska. Leavenworth Street runs east and west and at this location is 54 feet wide. East-bound and west-bound street car tracks are in the street near the center. Forty-second Street extends north and south and is 40 feet in width. The intersection is protected by traffic lights on all four corners. Leavenworth is a very busy thoroughfare particularly as regards east and west traffic. Evidence of plaintiff discloses that at about 5:30 p. m. on May 6, 1953, Phil Gain was on the curb at the southwest corner of the intersection where he waited until the traffic light turned green for north and south traffic when he started north across the intersection in what was regarded as the west cross walk. After he had gone 10 or 15 feet the automobile of the defendant driven by him came from the west and ran into plaintiff after which he was found near the east cross walk or near the east line of Forty-second Street.

The plaintiff charged negligence against the defendant in 12 specifications. The answer to the charge of negligence was a general denial. The court in its instructions submitted only five of them.

In his brief the plaintiff does not contend that there was any impropriety in the submission of the five spe-

cifications. His complaint in this connection is that it was error to fail and refuse to submit some of the others.

Of course it is the duty of the court to instruct fully upon the theory of a party to an action if the theory finds support in the evidence. Dunlap v. Welch, 152 Neb. 459, 41 N. W. 2d 384.

Three of the specifications submitted described the duty of the defendant in the operation of his automobile with regard to traffic signals. One described his duty under city ordinances and one described his duty to keep a proper lookout. This last is as follows: "In failing to keep a proper lookout for pedestrians and especially the person of this plaintiff."

Three specifications pleaded but not submitted were: "In failing to accord Plaintiff the unhampered use of that portion of the street to which he was rightfully entitled," "In failing to seasonably apply his brakes and to slacken the speed of his vehicle or to stop same before colliding with Plaintiff," and "In failing to use the means at his disposal to avoid colliding with the Plaintiff after Defendant saw or, in the exercise of ordinary care, should have seen the Plaintiff in a position of peril." There were other specifications not submitted but we think their substance is contained in these and in those actually submitted; hence they will not be considered herein.

The defendant had something more than a mere duty to keep a lookout for pedestrians. He had a duty, in the exercise of ordinary care, to see that which could have been seen and to take reasonable precautions to avoid an accident such as to apply brakes, slacken speed, or stop.

While perhaps it is not pertinent in determining the question involved here, the testimony of the defendant himself is to the effect that a boy of the height of Phil Gain would have to be 7½ feet out in front of his automobile before he could be seen. The point of this is that if this boy was at the time in the cross walk and

the light was in his favor, and the defendant was to the west of it, he had a duty to exercise ordinary care to avoid striking the boy independent of the duty which was imposed on him by statute or city ordinance, in addition to the bare duty to keep a lookout. Tews v. Bamrick, 148 Neb. 59, 26 N. W. 2d 499.

As to this the court, notwithstanding the allegations of the petition, failed to instruct, which we deem to have been prejudicial error. The court took the necessary step to correct the error as to the first cause of action by granting a new trial.

The basic grounds of negligence as to the second cause of action were the same as they were as to the first and what has already been said as to the first applies to the second, and of course granting a new trial as to the second was proper.

Since a new trial is to be granted it becomes necessary to consider a certain assignment set forth as ground for new trial based on a contention that certain evidence of the defendant, duly objected to, was admitted.

After the accident and after Phil Gain had been taken away in an ambulance a police officer on the scene was making an investigation during which he questioned, apparently together, the defendant and a woman witness. Over objection on the ground of hearsay, the defendant was allowed to testify that the woman told the officer that at the time of the accident the light was green for the defendant. The questions and answers in the bill of exceptions as to the matter are as follows: "Q What did you hear the woman say? A She answered the question of the officer; he asked her what color the light was. Q What did she say? A Green for me. Q Is that what she said? A That is what she told the officer." This testimony was received on the ground that it was a part of the res gestae.

There is no hard and fast rule for demarcation between that which is and that which is not res gestae but this court has said that a declaration, to be compe-

tent evidence as part of the res gestae, must be made at such time and under such circumstances as to raise the presumption that it was the unpremeditated and spontaneous explanation of the matter about which made. Pledger v. Chicago, B. & Q. R. R. Co., 69 Neb. 456, 95 N. W. 1057; Denison v. State, 117 Neb. 601, 221 N. W. 683; Callahan v. Prewitt, 141 Neb. 243, 3 N. W. 2d 435.

In this instance the only disclosed circumstances are that this took place a short time after the accident while an investigation was being made. It is difficult to see how a presumption of non-meditation and spontaneity could flow from these circumstances. It appears that under the circumstances as disclosed this could not be regarded as a part of the res gestae. Accordingly its admission was error.

As pointed out, in defense of the second cause of action the defendant pleaded that the plaintiff was guilty of contributory negligence. The contributory negligence charged was that plaintiff's father as parent failed to use reasonable care in watching and protecting his minor child, in guarding his safety, and in negligently allowing him to be upon the highways unattended.

The trial court submitted this as an issue by its instructions. The bill of exceptions has been carefully searched and no evidence has been found which points to any act of commission or omission on the part of the father from which an inference of negligence could or did flow which could in anywise be regarded as in any degree causative of this accident. In his brief and argument the defendant fails to contend that there was any such act. The issue of contributory negligence not having found any support in the evidence it was error to submit it to a jury. Koehn v. City of Hastings, 114 Neb. 106, 206 N. W. 19; In re Estate of Steininger, 139 Neb. 284, 297 N. W. 159; Becks v. Schuster, 154 Neb. 360, 48 N. W. 2d 67; Perrine v. Hokser, 158 Neb. 190, 62 N. W. 2d 677.

For the reasons herein stated the order of the district

court sustaining plaintiff's motion for a new trial is affirmed.

AFFIRMED.